IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUGUSTIN SAJOUS, *on behalf of himself and all others similarly situated*,<br><br>  Plaintiffs,<br><br>    v.<br><br>THOMAS DECKER, in his official capacity as New York Field Office Director for U.S. Immigration and Customs Enforcement, *et. al.*,<br><br>  Defendants<br><br>    and<br><br>IMMIGRATION LAW REFORM INSTITUTE,<br><br>  Movant. | Civil Action No. 1:18-cv-2447-AJN |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF UNSEALING THE RECORD

Lawrence J. Joseph
 D.C. Bar No. 464777
 admitted *pro hac vice*
1250 Connecticut Ave., NW, Suite 700-1A
Washington, DC 20036
Telephone: (202) 355-9452
Telecopier: (202) 318-2254
Email: ljoseph@larryjoseph.com

*Counsel for Movant*

# TABLE OF CONTENTS

Table of Contents ................................................................................................................ i
Table of Authorities ............................................................................................................ ii
Introduction ........................................................................................................................ 1
Argument ............................................................................................................................ 1

I.  This Court should allow intervention for the limited purpose of unsealing the record. ................................................................................................................ 1

    A.    The information sealed in this case falls within the public's First Amendment and common law rights of access to information. .............................. 2
    B.    Jurisdiction and venue are proper here. ................................................................ 3
    C.    This Court should allow limited-purpose, permissive intervention. ..................... 4

        1.    Intervention is timely. ............................................................................. 5
        2.    Intervention has questions of law and fact in common with the underlying litigation. ............................................................................... 5
        3.    Intervention would not prejudice the parties. ......................................... 6

II.  This Court should unseal the records in this litigation. ........................................... 7

    A.    The claims of privilege are unavailing here. ........................................................ 7
    B.    If it cannot resolve the privilege claims in the abstract, this Court should issue a show-cause order directing the affected parties to defend the continued redaction or sealing of any records or portions thereof. ..................................................................................................... 8

Conclusion ......................................................................................................................... 8

# **TABLE OF AUTHORITIES**

## **CASES**

*Aristotle Int'l, Inc. v. NGP Software, Inc.*,
    714 F.Supp.2d 1 (D.D.C. 2010)..................................................................................4

*EEOC v. National Children's Ctr.*,
    146 F.3d 1042 (D.C. Cir. 1998)...............................................................................2, 5

*Gambale v. Deutsche Bank AG*,
    377 F.3d 133 (2d Cir. 2004).......................................................................................5

*Gannett Co. v. DePasquale*,
    443 U.S. 368 (1979)...................................................................................................3

*Globe Newspaper Co. v. Superior Court*,
    457 U.S. 596 (1982)...................................................................................................3

*In re NASDAQ Market-Makers Antitrust Litig.*,
    164 F.R.D. 346 (S.D.N.Y. 1996) ...............................................................................2

*In re O'Brien Envtl. Energy, Inc.*,
    188 F.3d 116 (3d Cir. 1999).......................................................................................6

*Jennings v. Rodriguez*,
    138 S.Ct. 830 (2018)...................................................................................................1

*Johnson v. Greater Southeast Community Hosp. Corp.*,
    951 F.2d 1268 (D.C. Cir. 1991)..................................................................................2

*Lora v. Shanahan*,
    804 F.3d 601 (2d Cir. 2015).......................................................................................1

*Lugosch v. Pyramid Co.*,
    435 F.3d 110 (2d Cir. 2006).......................................................................................2

*Martindell v. Int'l Tel. & Tel. Corp.*,
    594 F.2d 291 (2d Cir. 1979).......................................................................................2

*NAACP v. New York*,
    413 U.S. 345 (1973)...................................................................................................5

*Nixon v. Warner Communications, Inc.*,
    435 U.S. 589 (1978)............................................................................................... 2-4

*Olberding v. Illinois Cent. R. Co.*,
    346 U.S. 338 (1953)...................................................................................................4

*Pub. Citizen v. Dep't of Justice*,
    491 U.S. 440 (1989)...................................................................................................3

*Richmond Newspapers v. Virginia*,
    448 U.S. 555 (1980)...................................................................................................3

*Rodriguez v. Robbins*,
    804 F.3d 1060 (9th Cir. 2015) ..........................................................................................1

*Sajous v. Decker*,
    No. 1:18-cv-2447-AJN, 2018 U.S. Dist. LEXIS 86921
    (S.D.N.Y. May 23, 2018) (ECF #64) ...............................................................................1

*Shanahan v. Lora*,
    138 S.Ct. 1260 (2018) ........................................................................................................1

*Travelers Indem. Co. v. Bailey,*
    557 U.S. 137 (2009) ..........................................................................................................3

*U.S. v. Am. Tel. & Tel. Co.*,
    642 F.2d 1285 (D.C. Cir. 1980) .........................................................................................5

*Washington Legal Found. v. U.S. Sentencing Comm'n*,
    89 F.3d 897 (D.C. Cir. 1996) .............................................................................................2

*Wilson v. Arkansas*,
    514 U.S. 927 (1995) ..........................................................................................................3

## **STATUTES**

U.S. CONST. art. III, §2 ................................................................................................................4
U.S. CONST. amend. I............................................................................................................. 2-3, 6
28 U.S.C. §1331............................................................................................................................4
28 U.S.C. §1391(e)(1)(C) .............................................................................................................4

## **RULES AND REGULATIONS**

FED. R. CIV. P. 24(a) ...............................................................................................................1, 5
FED. R. CIV. P. 24(b) ........................................................................................................1-2, 4-6
FED. R. CIV. P. 24(b)(1) ......................................................................................................... 4-5
FED. R. CIV. P. 24(b)(1)(B) .........................................................................................................5
FED. R. CIV. P. 24(b)(3) ...............................................................................................................6
FED. R. CIV. P. 24(c) ...............................................................................................................1, 4

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO INTERVENE**                                                                                                               iii

# INTRODUCTION

Pursuant to Local Rule 7.1(a), movant Immigration Law Reform Institute ("IRLI") files this memorandum of law in support of its motion to intervene for the limited purpose of unsealing the record herein. In support thereof, IRLI provides this summary of the litigation context presented here.

Before its termination after the plaintiff-petitioner secured a preliminary injunction for a bond hearing, Opinion & Order (May 23, 2018) (ECF #64), and then abandoned class claims, Letter (June 27, 2018) (ECF #71), this litigation raised important issues of justiciability and due process under the federal Constitution and immigration statutes. These issues were remanded to the U.S. Court of Appeals for the Ninth Circuit when the Supreme Court reversed *Rodriguez v. Robbins*, 804 F.3d 1060, 1082-83 (9th Cir. 2015), in its decision in *Jennings v. Rodriguez*, 138 S.Ct. 830 (2018); the same issues were presented in this Circuit by the Supreme Court's vacating *Lora v. Shanahan*, 804 F.3d 601 (2d Cir. 2015), in light of *Jennings*. *See Shanahan v. Lora*, 138 S.Ct. 1260 (2018). In sum, the issues that were raised here were significant, even if this litigation no longer continues to present them as live, contested issues.

# ARGUMENT

**I.   THIS COURT SHOULD ALLOW INTERVENTION FOR THE LIMITED PURPOSE OF UNSEALING THE RECORD.**

Third parties may seek leave to intervene in civil litigation either as of right under Rule 24(a) or permissively under Rule 24(b). FED. R. CIV. P. 24(a)-(b).[1] Consistent with the law and

---

[1] Under FED. R. CIV. P. 24(c), movants for intervention must include a "pleading that sets out the claim or defense for which intervention is sought." Although this requirement appears

practice in other circuits,[2] this Circuit allows third parties to "intervene under Rule 24(b) for the limited purpose of seeking access to materials that have been shielded from public view either by seal or by a protective order." *Nat'l Children's Ctr.*, 146 F.3d at 1046; *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 294-95 (2d Cir. 1979); *accord In re NASDAQ Market-Makers Antitrust Litig.*, 164 F.R.D. 346, 350-51 (S.D.N.Y. 1996) (granting intervention as of right to newspaper to seek modification of protective order and access to documents in judicial proceeding). As explained below, IRLI readily meets the standards for this type of limited-purpose intervention.

> A. **The information sealed in this case falls within the public's First Amendment and common law rights of access to information.**

The public has a right of access to court records under both the common law and the First Amendment. *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006); *Washington Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 902-03 (D.C. Cir. 1996); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-98 (1978). Both rights compel this Court to unseal the records at issue here.

Generally, there is a "strong presumption" in favor of public access to judicial proceedings, *Lugosch*, 435 F.3d at 121 (summary-judgment motions); *Johnson v. Greater Southeast Community Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991); *Nixon*, 435 U.S. at 597-98, and here the documents on the preliminary injunction formed the basis for this Court's final judgment. Accordingly, "a district court's decision to limit access to judicial records should … be informed by this country's strong tradition of access to judicial proceedings." *Greater Southeast Community*

---

unnecessary, IRLI includes an Answer with its Motion to Intervene, but IRLI's proposed order directs the Clerk not to file the Answer because this matter is closed.

[2]   *See EEOC v. National Children's Ctr.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) (collecting cases from the First, Second, Third, Fifth, Sixth, Seventh, Ninth, and Tenth Circuits).

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO INTERVENE**                                                              2

*Hosp.*, 951 F.2d at 1277 (internal quotation marks omitted); *Gannett Co. v. DePasquale*, 443 U.S. 368, 386 n.15 (1979) (discussing history of public access to court records in both civil and criminal matters). "[A] major purpose of [the First] Amendment was to protect the free discussion of governmental affairs," *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 604 (1982) (interior quotation marks omitted), which "has long been recognized as an indispensable attribute of an Anglo-American trial." *Richmond Newspapers v. Virginia*, 448 U.S. 555, 569 (1980). The English common law — on which our legal system is based, *see, e.g., Wilson v. Arkansas*, 514 U.S. 927, 933-34 (1995) — recognized "the importance of openness to the proper functioning of a trial; it gave assurance that the proceedings were conducted fairly to all concerned, and it discouraged perjury, the misconduct of participants, and decisions based on secret bias or partiality." *Richmond Newspapers*, 448 U.S. at 569. As explained below, the parties cannot rebut the presumption of public access here.

  B. <u>**Jurisdiction and venue are proper here.**</u>

  Although IRLI would have questioned whether this Court had subject-matter jurisdiction for the underlying litigation, that issue may now have been resolved, at least for the purposes of this litigation. *See Travelers Indem. Co. v. Bailey,* 557 U.S. 137, 152-53 & n.6 (2009). Regardless of whether this Court had subject-matter jurisdiction over the underlying litigation, IRLI has informational standing to access and publicize the litigation docket materials that IRLI seeks. *See, e.g., Pub. Citizen v. Dep't of Justice,* 491 U.S. 440, 449-51 (1989); *Nixon*, 435 U.S. at 597-98 ("[t]he interest necessary to support the issuance of a writ compelling access has been found, for example, in the citizen's desire to keep a watchful eye on the workings of public agencies and in a newspaper publisher's intention to publish information concerning the operation of government") (citations omitted); *Globe Newspaper*, 457 U.S. at 609 n.25 ("representatives of the press and general public must be given an opportunity to be heard on the question of their

exclusion" from court proceedings) (internal quotation marks omitted); *cf. Nixon*, 435 U.S. at 599 n.11 (*citing Warth v. Seldin*, 422 U.S. 490, 498-502 (1975)); Declaration of Lawrence Joseph, ¶¶3-4, 8-11 (ECF #76); Declaration of Christopher J. Hajec, ¶¶4-10 (ECF #77). Whatever jurisdictional defects the plaintiff-petitioner would have faced, this Court has statutory and constitutional subject matter jurisdiction for the issues that IRLI seeks to press. 28 U.S.C. §1331; *Aristotle Int'l, Inc. v. NGP Software, Inc.*, 714 F.Supp.2d 1, 18 (D.D.C. 2010) ("where intervention is sought for the limited purpose of modification to a protective order, it is not necessary for the Court to find an independent basis for jurisdiction") (interior quotation marks omitted); U.S. CONST. art. III, §2. For suits against federal defendants, 28 U.S.C. §1391(e)(1)(C) makes venue proper, *inter alia*, in any judicial district where a "plaintiff resides if no real property is involved in the action."

Venue is proper because the litigation record that IRLI seeks to unseal is located here, and the parties have waived objection to venue. *Olberding v. Illinois Cent. R. Co.*, 346 U.S. 338, 341 (1953).

### C.  **This Court should allow limited-purpose, permissive intervention.**

To intervene permissively pursuant to FED. R. CIV. P. 24(b), a movant must timely file for intervention, without prejudicing or unduly delaying the adjudication of the original parties' rights, and have a claim or defense that has "common question[s] of law or fact" with the main action. FED. R. CIV. P. 24(b)(1), (3). As explained in this subsection, IRLI readily meets these criteria for permissive intervention.[3]

---

[3]   Under Rule 24(c), movants for intervention must file a "pleading that sets out the claim or defense for which intervention is sought" with their motion. FED. R. CIV. P. 24(c). IRLI does not seek intervention on the merits, but attaches a proposed Answer in the event that this Court deems Rule 24(c) to mandate a pleading for IRLI's intervention.

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO INTERVENE**                                                                                          4

1. **Intervention is timely.**

The first criterion for permissive intervention is the timeliness of the motion to intervene. FED. R. CIV. P. 24(b)(1). Courts assess the timeliness of intervention under the totality of the circumstances, *NAACP v. New York*, 413 U.S. 345, 365-66 (1973), including "especially … [the] time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in [the] case." *U.S. v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1295 (D.C. Cir. 1980) (discussing timeliness for intervention as of right under Rule 24(a)) ("*AT&T*"); *NAACP,* 413 U.S. at 365 (timeliness analyzed the same under Rule 24(a) and Rule 24(b)). For limited-purpose interventions to gain access to court records, "the purpose for which intervention is sought" is the key — indeed, only — factor. *AT&T*, 642 F.2d at 1295. Significantly, dismissal of a case does not divest the court of jurisdiction to decide the issue of whether the record should remain sealed. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 139-40 (2d Cir. 2004). Because the intervention is removed from the merits of the parties' dispute, this type of limited-purpose intervention is timely even when filed long after the litigation terminates. *See Nat'l Children's Center*, 146 F.3d at 1047. Accordingly, IRLI's motion is timely.

2. **Intervention has questions of law and fact in common with the underlying litigation.**

The second criterion for permissive intervention is that the movant's claims and the litigation share common questions of law or fact. FED. R. CIV. P. 24(b)(1)(B). As with the timeliness requirement, courts have liberally construed the commonality requirement in the context of limited-purpose intervention to unseal court records: "the issue of the scope or need for the confidentiality order itself presents a common question that links the movant's challenge with the main action." *Nat'l Children's Center*, 146 F.3d at 1047 (citations omitted). In other words, it

would suffice for Rule 24(b) if the only common question were whether certain materials are properly sealed. Accordingly, IRLI's motion is thus adequately related to the underlying action.

### 3. Intervention would not prejudice the parties.

Rule 24(b)(3) requires district courts to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3). Insofar as IRLI's requested relief is separate from the merits, this Court can undertake review and additional briefing of IRLI's intervention and requested relief separate from the briefing of the merits. As such, IRLI's intervention need not delay anything. Moreover, IRLI's intervention would not prejudice the parties for two primary reasons.

First, if this Court grants leave to intervene, the mere fact of IRLI's intervention would occasion — at most — the need for the parties to defend the partial seal for which they bore the burden of establishing an entitlement to in the first place. Given that this Court has closed the case, briefing limited-purpose intervention and the partial seal will not affect briefing of the underlying dispute's merits. Thus, IRLI's limited-purpose intervention would not occasion any prejudice outside the burdens that the parties already bore under the First Amendment and the common law to establish their entitlement to keep the records secret.

Second, although IRLI's intervention might ultimately occasion the unsealing of the record here — potentially contrary to the parties' wishes — that is neither a burden of intervention *per se* nor the type of prejudice implicated under Rule 24. Specifically, "prejudice" here does not mean "merely the loss of an advantageous position, but must be something more closely tied to the merits of the issue." *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 127 (3d Cir. 1999). It would not *prejudice* the parties to lose a seal to which they were never entitled under either the First Amendment or the common law.

For the foregoing reasons, IRLI's intervention would neither delay the proceedings nor prejudice the parties.

## II. THIS COURT SHOULD UNSEAL THE RECORDS IN THIS LITIGATION.

Having been admitted *pro hac vice* into this litigation, the undersigned IRLI counsel has access to the record here via the Court's electronic-filing system. Because counsel was unable to locate the basis for the seal, however, counsel has not provided case documents obtained via PACER to IRLI, to avoid the possibility that IRLI's subsequent inadvertent release of those documents might violate the terms of whatever seal the Court has placed over these documents. *See* Joseph Decl., ¶10 (ECF #76). In this Section, therefore, IRLI argues that the Court should lift the seal as unsupported. In the event that the parties do not defend the partial seal or that IRLI can rebut their opposition in its reply in support of this motion, that would end the matter: the Court should unseal the record. *See* Section II.A, *infra*. Alternatively, if the Court is unable or prudentially unwilling to resolve the issue in the abstract, the Court should issue a show-cause order to require the party or parties defending the seal to justify the seal. See Section II.B, *infra*.

### A.     The claims of privilege are unavailing here.

Significantly, it is not clear to IRLI why the Court partially sealed the docket in the first place. *See* Joseph Decl., ¶¶5-7 (ECF #76). To the extent that the parties raise any basis for sealing the record here in opposition to this motion, IRLI will endeavor to rebut those bases in its reply in support of limited-purpose intervention. Alternatively, there may have been no sufficient basis for sealing the record in the first place, or whatever rationale may at one time have existed may subsequently have become moot.[4] Insofar as the parties who support denying public access bear

---

[4]     For example, it is conceivable that the Court sealed the parties' filings because the plaintiff-petitioner had indicated an intention to seek class relief and putative class members may have had

the burden of proof for any seal, IRLI respectfully submits that the parties have not met that burden and the Court should lift the partial seal.

> **B.  If it cannot resolve the privilege claims in the abstract, this Court should issue a show-cause order directing the affected parties to defend the continued redaction or sealing of any records or portions thereof.**

If the parties make no objection to lifting the partial seal and thus making the docket public, the Court could simply lift the seal and moot IRLI's limited-purpose intervention. Alternatively, if the parties object to lifting the partial seal and this Court cannot resolve the issue (or issues) in the abstract, *see* Section II.A, *supra*, this Court should issue a Show-Cause Order (ECF #74-4) requiring the parties who favor continuing the partial seal to identify each specific document (or portion thereof) that should remain sealed (or be redacted), as well as the basis for sealing that document (or redacting that portion thereof). The conditional need for a show-cause order must await the parties' response to this motion.

## CONCLUSION

For the foregoing reasons, IRLI's limited-purpose intervention should be granted, and the record should be unsealed. To the extent that the Court cannot resolve the privilege claims in the abstract, this Court should issue a show-cause order directing the parties to defend continuing the seal of any specific documents or the redaction of any portions thereof.

---

reasons to want the record sealed. While IRLI would not concede that putative class members' privacy rights trump the public's right of access, the point now would be that the plaintiff-petitioner has abandoned class relief, thus mooting any class-based privacy or privilege interests.

Dated: August 9, 2018               Respectfully submitted,

      /s/ Lawrence J. Joseph
-------------------------------------
Lawrence J. Joseph, D.C. Bar No. 464777
    admitted *pro hac vice*

1250 Connecticut Ave., NW, Suite 700-1A
Washington, DC 20036
Telephone: (202) 355-9452
Telecopier: (202) 318-2254
Email: ljoseph@larryjoseph.com

*Counsel for Movant*