LAWRENCE J. JOSEPH, ESQ.

**1250 Connecticut Avenue, NW, Suite 700-1A • Washington, DC 20036**
**Tel: 202-355-9452 • Fax: 202-318-2254**
**www.larryjoseph.com**

October 1, 2018

*Via ECF*

Hon. Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

> **Re:** ***Sajous v. Decker***, **No. 1:18-cv-2447-AJN (S.D.N.Y.)**
> **Immigration Reform Law Institute Motion to Unseal**

Dear Judge Nathan:

On behalf of limited-purpose intervenor Immigration Reform Law Institute ("IRLI") and pursuant to this Court's orders dated August 13 and 16, 2018 (ECF #78, #80), this letter sets out IRLI's arguments for lifting the seal imposed on the online docket pursuant to FED. R. CIV. P. 5.2(c). Counsel for the parties have each represented that their respective clients "take no position" on IRLI's request.[1]

As explained in IRLI's motion to intervene, "there is a 'strong presumption' in favor of public access to judicial proceedings." IRLI Memo. at 2 (*quoting Lugosch v. Pyramid Co.*, 435 F.3d 110, 121 (2d Cir. 2006)) (ECF #75). This presumption arises under both the First Amendment and the public's common-law right of access. *Lugosch*, 435 F.3d at 119; *Washington Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 902-03 (D.C. Cir. 1996); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-98 (1978). Since the time that IRLI moved to intervene, the parties have cross-appealed this Court's judgment (ECF #82, #83), which raises the stakes for online access beyond the issues that IRLI raised in support of its motion for limited-purpose intervention into a then-closed case. *See* Declaration of Lawrence Joseph, ¶¶3-4, 8-11 (ECF #76); Declaration of Christopher J. Hajec, ¶¶4-10 (ECF #77). Given the likelihood that the Court of

---

[1] Specifically, the parties' counsel indicated that the "plaintiff/petitioner takes no position on your request for an order un-restricting remote electronic access to documents in this case" and that "the government takes no position on your request." As an attorney admitted *pro hac vice* in this action, the undersigned counsel is somewhat unclear on the distinctions that local practice and this Court draw between a "letter motion" like this and a formal motion. In the interest of informality, IRLI will not attach evidence in the form of a declaration by counsel under penalty of perjury for factual allegations made herein, but instead makes all of the factual claims and allegations herein on information and belief, formed after reasonable inquiry. *Compare Frazier v. U.S.*, 335 U.S. 497, 503 (1948) (unsworn statements by counsel are not evidence) *with Rotella v. Wood,* 528 U.S. 549, 560 (2000) (*discussing* FED. R. CIV. P. 11(b)(3)). If the Court requests it, IRLI will submit a declaration to support the factual allegations made in this letter.

Hon. Alison J. Nathan
United States District Judge
October 1, 2018
Page 2

Appeals would decline to reach issues not raised first in this Court, *Baker v. Dorfman*, 239 F.3d 415, 420-21 (2d Cir. 2000), not only IRLI but also other potentially interested *amici curiae* — on both sides — need to know what the respective parties argued in this Court.

By way of background, Rule 5.2(c) precludes remote electronic access to the parties' filings in "an action for benefits under the Social Security Act, and in an action or proceeding relating to an order of removal, to relief from removal, or to immigration benefits or detention" "[u]nless the court orders otherwise." FED. R. CIV. P. 5.2(c). Instead, a nonparty wishing to obtain electronic access to the record in such a case must obtain that "access to the full record at the courthouse." *Id.* 5.2(c)(2). As the Advisory Committee Note explains, the rule implements Section 205(c)(3) of the E-Government Act of 2002, PUB. L. NO. 107-347, §205(c)(3)(A)(i), 116 Stat. 2899, 2914 (2002), which "require[d] the Supreme Court to prescribe rules to protect privacy and security concerns relating to electronic filing of documents and the public availability of documents filed electronically." FED. R. CIV. P. 5.2, Advisory Committee Note (internal quotation marks and alterations omitted). As the Committee explained, Rule 5.2(c) prophylactically protects a broader category of information than the E-Government Act required:

> Subdivision (c) provides for limited public access in Social Security cases and immigration cases. Those actions are *entitled to special treatment due to the prevalence of sensitive information and the volume of filings*. Remote electronic access by nonparties is limited to the docket and the written dispositions of the court unless the court orders otherwise. The rule contemplates, however, that nonparties can obtain full access to the case file at the courthouse, including access through the court's public computer terminal.

*Id.* (emphasis added). Neither the rulemaking nor the rule itself indicates that this intended overbreadth should apply in immigration cases — like this case — where the immigration *petitioner* seeks not only to avoid removal under existing law, but also to set or revise immigration law or policy as a *plaintiff* under the Administrative Procedure Act, 5 U.S.C. §§551-706 ("APA").

Significantly, the Constitution protects us from all three branches of government, and even court rules can be illegal. *Hollingsworth v. Perry,* 558 U.S. 183, 191-93 (2010). Moreover, assuming *arguendo* that Rule 5.2(c) were constitutional in an immigration proceeding in which one individual simply sought to apply existing immigration precedent, law, and policy to that individual's removal proceeding, that would not make Rule 5.2(c) constitutional *as applied* when — as here — the petitioner simultaneously seeks to change or set immigration policy as an APA plaintiff. IRLI respectfully submits that whatever privacy interest such a dual plaintiff-petitioner may have, that interest "runs up against a competing principle … [that] favors decisionmaking through the democratic process." *Schuette v. Coal. to Defend Affirmative Action*, 572 U.S. 291, 337 (2014). Whereas that competing interest "strongly supports the right of the

Hon. Alison J. Nathan
United States District Judge
October 1, 2018
Page 3

people, or their elected representatives, to adopt … policies," *id.*, the parties here "take no position" on lifting the seal *in this case*. Since "as-applied challenges are the basic building blocks of constitutional adjudication," *Gonzales v. Carhart,* 550 U.S. 124, 168 (2007) (interior quotation marks and alterations omitted), IRLI respectfully submits that the prohibition of remote electronic access *in this case* violates the First Amendment.

Even if the parties *opposed* this motion, however, Rule 5.2(c) nonetheless could not constitutionally apply when a plaintiff-petitioner seeks *systemic* relief. While the "power to interpret the Constitution … remains in the Judiciary," *City of Boerne v. Flores,* 521 U.S. 507, 524 (1997), courts "do not sit as a super-legislature to weigh the wisdom of legislation." *Day-Brite Lighting, Inc. v. Missouri*, 342 U.S. 421, 423 (1952). Especially given the potential for "friendly suits" where governmental defendants readily concede to favored plaintiffs, litigation that seeks systemic relief easily can exceed the constitutional or prudential limits on judicial authority. *Rescue Army v. Municipal Court of City of Los Angeles,* 331 U.S. 549, 568-69 (1947); *New York City Transit Authority v. Beazer,* 440 U.S. 568, 583 (1979). Accordingly, the public must have a right to monitor litigation that could systemically affect public rights and interests: "It never was the thought that, by means of a friendly suit, a party beaten in the legislature could transfer to the courts an inquiry as to the constitutionality of the legislative act." *Chicago & G.T. Ry. Co. v. Wellman,* 143 U.S. 339, 344-45 (1892); *cf. California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508, 510 (1972) ("right of access to the courts is indeed but one aspect of the right of petition" under the First Amendment). While perhaps not presented when the parties here do not oppose IRLI's requested relief, a party's privacy interests should not bar public access to litigation that seeks systemic relief.

For the foregoing reasons, IRLI respectfully requests that the Court lift the seal on remote online access to the record in this action. Although IRLI respectfully submits that FED. R. CIV. P. 5.2(c) is unconstitutional as applied to "an action or proceeding relating to an order of removal, to relief from removal, or to immigration benefits or detention" that also seeks systemic relief, this Court need not reach that issue to lift the seal here. Nonetheless, in the interest of protecting any genuinely private information contained in the record, IRLI would have no objection to the Court's allowing the parties a reasonably limited time within which to seek leave to substitute redacted versions of prior filings before the effective date of an order lifting the seal on remote online access.

Respectfully submitted,

/s/ Lawrence J. Joseph

Lawrence J. Joseph

*Counsel for Intervenor Immigration Reform Law Institute*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of October, 2018, I electronically filed the foregoing letter with the Clerk of the Court using the CM/ECF system, thereby causing it to be served upon all counsel of record.

/s/ Lawrence J. Joseph

Lawrence J. Joseph, D.C. Bar No. 464777
    admitted *pro hac vice*